**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Victorio Gomez-Mendoza,<br><br>Defendant. | No. CR-23-01001-001-PHX-JAT<br><br>**ORDER** |

On January 6, 2025, Defendant moved for trial on his untried charge (Doc. 37) which the Court denied (Doc. 40). On March 28, 2025, Defendant again moved for trial on his untried charge. (Doc. 41). In the second motion, Defendant argued that the Government's statement in its response (Doc. 39 at 1) to the first motion, specifically that "[this] case is closed and [Defendant] has no other pending federal matters before this court" is untrue because there is a federal detainer lodged against Defendant. (Doc. 41). The Court denied the second motion for trial on the untried charge. (Doc. 42).

Now, Defendant has filed a motion seeking to consent to trial before a Magistrate Judge. (Doc. 43). Defendant clarifies currently, in federal court, he is facing a supervised release violation. (*Id*.). Thus, there is a federal detainer against him. Defendant is also currently in Arizona state custody with a scheduled release date of July 26, 2026. (*Id*.). Defendant is seeking to have his supervised release violation resolved now so that the detainer against him is released. (*Id*.). Defendant claims that the removal of the federal detainer would benefit him in state custody. (*Id*.).

1 Defendant does not have a right to immediate resolution of a supervised release violation. While a detainer may have been lodged against him alleging a violation of his supervised release, he has not yet been arrested. Supervised release violations are not controlled by the Speedy Trial Act but rather the Due Process Clause of the Fifth Amendment. *United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008). Violations of supervised release are governed by Fed. R. Crim. P. 32.1 and under that Rule, "the clock does not start on a violation of supervised release until a person is held in custody for violating ... supervised release." *United States v. Oliva*, No. CR-07-00582-PHX-DGC, 2013 WL 132062, at *1 (D. Ariz. Jan. 10, 2013) (quotations omitted).

Further, the Court is unpersuaded by Defendant's request that any sentence on his supervised release violation run concurrently to the state court sentence he is currently serving. Specifically,

> Defendant is in custody solely by virtue of the sentence he received for a new offense in the State of Arizona. Federal Sentencing Guidelines have a policy that the sentence imposed for a violation of supervised release is to run consecutively to any sentence imposed for a crime that is the basis for the revocation. U.S.S.G. Ch. 7, Pt. B, Introductory Commentary; *United States v. Contreras*, 63 F.3d 852, 855 (9th Cir. 1995); *see also United States v. Garrett*, 253 F.3d 443, 450 (9th Cir. 2001) (federal government is not required "to writ a defendant out of state custody and bring him before the federal district court for his revocation hearing ... [which] could prove extremely burdensome").

*United States v. Vavages*, No. CR-11-3469-TUC-CKJ (LCK), 2020 WL 4284408, at *1 (D. Ariz. July 27, 2020).

Finally, Defendant is not entitled to relief for a delay in resolution of a supervised release violation unless he shows actual prejudice. *Santana*, 526 F.3d at 1260. Actual prejudice has been defined as "oppressive pre-trial incarceration, unnecessary anxiety of the accused, and impairment of the accused's ability to mount a defense." *Id.* at 1261. Defendant has failed to show actual prejudice.

For all of the foregoing reasons, Defendant is not entitled to immediate resolution of the alleged supervised release violation. Thus, all relief sought in the pending motion at Doc. 43, including referral to a Magistrate Judge, will be denied. Accordingly,

**IT IS ORDERED** that Doc. 43 is denied.

Dated this 11th day of December, 2025.

James A. Teilborg
Senior United States District Judge