**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Victorio Gomez-Mendoza,

Defendant.

No. CR-23-01001-001-PHX-JAT

**ORDER**

Pending before the Court is Defendant's motion to have his time served on a charge from a state court conviction credited against any future prosecution against him in federal court. (Doc. 45). Specifically, Defendant states, "[I] would like my 2 years and 3 months done in the Arizona Department of Corrections be counted as back time." (*Id*). This request arises from Defendant's belief that he will be prosecuted for a supervised release violation in federal court after he completes his sentence in state custody.

The Government responded to the motion. The Government first argues that Defendant is not entitled to be prosecuted on the federal charge that may be forthcoming until Defendant completes his sentence in state custody. (Doc. 47 at 2–3). The Court agrees and has already denied this request three times. (*See* Docs. 40, 42 and 44 (discussing at length why Defendant is not entitled to immediate resolution of potential federal charges)). Thus, to the extent this is the relief Defendant seeks, it is again denied for the reasons articulated in Doc. 44.

The Government alternatively argues that to the extent the Defendant is seeking an

automatic credit in any future prosecution for the time Defendant served on his state conviction, Defendant is also not entitled to that relief. (Doc. 47 at 3). Specifically, the Government argues,

> Defendant's request to have his time in state custody apply to a future supervised release or future federal charges is misplaced. As a general matter, under 18 U.S.C. § 3624(e), a term of federal supervised release does not run during any period when a person is imprisoned for a federal, state, or local crime. In terms of a disposition of supervised release, the Government concurs with the policy enumerated by the Sentencing Commission in the U.S. Sentencing Guidelines that provides "it is the policy of the commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment." U.S.S.G. § 7B1.1.

(Doc. 47 at 3).

Defendant did not file a reply and, thus, made no argument why 18 U.S.C. § 3624(e) does not control. The statute states, "A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." *Id.* Accordingly, Defendant is not entitled to have his time served in state custody credited against a future federal prosecution for a supervised release violation.

Thus,

**IT IS ORDERED** that the motion (Doc. 45) shall be filed under seal due to its content.

**IT IS FURTHER ORDERED** that the motion (Doc. 45) is denied.

**IT IS FINALLY ORDERED** that this Order shall not be sealed.

Dated this 21st day of August, 2026.

James A. Teilborg
Senior United States District Judge

cc: Dft.